**Paul JUSTICE, Plaintiff**

v.

**Michael ASTRUE, Commissioner, Social Security Administration, Defendant.**

**Civil Action No. 07–11017–WGY.**

United States District Court, D. Massachusetts.

Dec. 12, 2008.

Christopher Alberto, United States Attorney's Office, Boston, MA, for Defendant.

Bruce S. Lipsey, Epstein, Lipsey & Clifford, P.C., Hanover, MA, for Plaintiff.

*MEMORANDUM AND ORDER*

YOUNG, District Judge.

## I. INTRODUCTION

Paul Justice ("Justice") brings this action against Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner"), seeking to have this Court reverse or remand a decision of the Commissioner denying Justice's application for Supplemental Social Security Income. In an order dated September 11, 2008, this Court rejected Justice's three challenges to the decision of the hearing officer. *Justice v. Astrue*, 576 F.Supp.2d 195, 200–203 (D.Mass.2008). The Court sought further briefing from the parties, however, on the issue of whether the hearing officer, in violation of 20 C.F.R. § 404.1563(b), mechanically applied the age categories defined in that section when considering Justice's age as a vocational factor. *Id.* at 204. Thereafter, both parties submitted briefs addressing the issue of Justice's potential borderline age, Justice doing so on November 12, 2008 [Doc. No. 13], and the Commissioner on November 24, 2008 [Doc. No. 14].

## II. ANALYSIS

■ In his decision, the hearing officer used Justice's age as of the time of his application for benefits, describing him as 47 years old. Admin. Tr. at 22. As noted by this Court, for purposes of Social Security regulations, age is determined as of the date of the decision, rather than as of the date of the application. *Justice v. Astrue*, 576 F.Supp.2d at 203 (citing *Barrett v. Apfel*, 40 F.Supp.2d 31, 38 (D.Mass. 1999) (Neiman, M.J.)). At the time of the hearing officer's decision, Justice was 49

years old, "less than four months shy of his 50th birthday." *Id.* At age 50, Justice would be categorized as "closely approaching advanced age"; evaluated under this category, "one would expect him to be found disabled pursuant to Rule 201.12 [of 20 C.F.R. Part 404, Subpart P, Appendix 2]." *Id.* With his age properly calculated, Justice's case presents a "borderline age" situation, as "there would be a shift in results caused by the passage of a few days or months." *Id.* at 203 (quoting *Barrett*, 40 F.Supp.2d at 38.)

Title 20 C.F.R. § 404.1563(b) mandates that age categories may not be applied "mechanically in a borderline situation," and, addressing claimants in the second person, provides: "if you are within a few days to a few months of reaching an older age category ... [the Social Security Administration] will consider whether to use the older age category after evaluating the overall impact of all the factors of your case." Despite these regulations, the hearing officer made no mention of Justice's age beyond stating that he was 47 years old at the time of his application and classifying him as a "younger individual." Admin. Tr. at 22.

■ The Commissioner would have this Court rely on a recent Sixth Circuit decision, *Bowie v. Commissioner of Social Security*, 539 F.3d 395, 399 (6th Cir.2008), holding that "nothing in [20 C.F.R. § 404.1563(b)'s] language obligates an [administrative law judge] to address a claimant's borderline age situation in his opinion." This Court, however, agrees with Judge Moore who, dissenting in *Bowie*, properly pointed to the "extensive precedent requiring [administrative law judges] to discuss whether a potential borderline case falls within that category."[1] *Id.* at

---

1. *See Daniels v. Apfel*, 154 F.3d 1129 (10th Cir.1998) (holding that hearing officers are required to provide record of thought process regarding 404.1563 requirements); *Bush v. Astrue*, No. 5:06–00766, 2008 WL 867941, at *7–8 (S.D.W.Va.2008) (remanding because

hearing officer's failure to explain his choice of age category made review impossible); *Russell v. Commissioner of Soc. Sec.*, 20 F.Supp.2d 1133, 1135, 1136 (W.D.Mich.1998) (holding that "when a borderline situation is

403. This requirement is essential to ensuring that a court can adequately to review a hearing officer's decision. In the case at hand, without a record of the hearing officer's reasoning regarding Justice's potential "borderline age," it is impossible for this Court to determine that the decision was not made "mechanically" in violation of Section 404.1563(b). Additionally, this omission may violate 20 C.F.R. § 404.953, which requires that a hearing officer's decision "gives the findings of fact and the reasons for the decision." *See Pickard v. Commissioner of Soc. Sec.*, 224 F.Supp.2d 1161, 1169 (W.D.Tenn.2002); *Russell v. Commissioner of Soc. Sec.*, 20 F.Supp.2d at 1136.

## III. CONCLUSION

Because the hearing officer's decision provides no record of his consideration of the potential borderline age situation presented by Justice's case, it is ORDERED that the matter be remanded to allow the hearing officer to clarify what age he used in considering Justice's disability status and, if he used the appropriate age of 49, to elaborate on whether he considered Justice a borderline case or not and list the reasons for his decision.

SO ORDERED.

presented a factual determination must be made as to the appropriate age category," and that failure to explain age category choice impedes judicial review of 404.1563(a) application).